# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                CRIMINAL ACTION NO. 2:08-cr-00141

SHAHREKIA BROWN,

          Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

The Court has reviewed the Defendant's motion (Document 62), brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce her sentence based on a subsequent reduction in the applicable sentencing guideline.[1] On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. Pursuant to a Standing Order entered on October 7, 2011, this case was designated to proceed under the Standard Procedure. (Document 59). The Court has subsequently received materials submitted by the Probation Office and the parties on this issue.

---

[1] The Court observes that on January 4, 2012, Defendant filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582. This motion came after the Court's December 22, 2011 Order directing the appointment of counsel on Defendant's behalf (Document 59) and receipt of the Defendant's response to the Court's order on December 30, 2011 (Document 61).

The Defendant was originally sentenced to sixty (60) months in prison, which is the statutory mandatory minimum sentence for a conviction of possession with intent to distribute five (5) grams or more of cocaine base. (Document 46). At the original sentencing, Defendant's total offense level of twenty-three (23) combined with a Criminal History Category III, produced a Guideline range of fifty-seven to seventy-one (57 to 71) months. However, the statutory requirements provided for a mandatory minimum sentence of five years, therefore, Defendant's Guideline range became sixty to seventy-one (60-71) months of imprisonment. Applying the 2011 amendments to the Guidelines, Defendant's base offense level would be reduced to twenty (20). Her total offense level would be reduced to nineteen (19), after applying a two-level enhancement for possession of a firearm and a three-level reduction for acceptance of responsibility. Given a total offense level of nineteen (19) and a Criminal History Category of III, the Defendants revised Guideline range would be thirty-seven to forty-six (37- 46) months. However, under the amended Guidelines, the Defendant is still subject to the five-year mandatory minimum sentence required by statute. Therefore, Defendant is not eligible for a sentence reduction. In their written responses, both Counsel for the United States and the Defendant acknowledge that the Defendant is not eligible for a sentence reduction. (Documents 60 and 61). For these reasons, the Court **ORDERS** the § 3582 Motion (Document 62) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: January 18, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA